UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EXCHANGE UNION COMPANY; SHANGHAI HUIYIN GROUP CO. LTD.; SHANGHAI SHENGYI INFORMATION NETWORK CO., LTD.; and WO WEI DONG,<br>    Petitioners. | No. 24-mc-91645-ADB |

**MEMORANDUM AND ORDER ON TERENCE J. CULVER AND JESSICA DINEEN'S RENEWED MOTION TO INTERVENE**

**CABELL, U.S.M.J.**

**I.   INTRODUCTION**

Wo Wei Dong (Wo) and three of his companies (the Applicants) initiated this action by filing an ex parte application for judicial assistance under 28 U.S.C. § 1782 (section 1782) to obtain documents from Fidelity Digital Asset Services, LLC; Fidelity Brokerage Services, LLC; FMR, LLC; and National Financial Services, LLC (Fidelity), for use in a foreign proceeding pending in the Republic of Singapore. Upon review of the application, the presiding judge allowed the discovery ("the December 2024 Order"), which resulted in subpoenas being served on Fidelity. The subpoenas sought, inter alia, documents from accounts held in the name of Terrence J. Culver (Culver) and/or his wife, Jessica Dineen (Dineen).

Pending before the court is a motion filed by Culver and Dineen (the Movants) to intervene to vacate the December 2024 Order authorizing the Applicants to serve the subpoenas. More precisely, the Movants seek to intervene to file a motion to quash the subpoenas to prevent the disclosure of financial information in seven of their financial accounts. (D. 115).

The Applicants oppose the motion and express a willingness to limit the subpoenas to one of the seven Fidelity accounts, namely Culver's "personal investment account." (D. 49, pp. 1-2) (D. 118). Hence, the parties agree that the only remaining account in dispute is Culver's personal investment account.[1] (D. 116) (the Movants stating "The only remaining account in dispute in dispute is a wholly personal investment account registered to" Culver); (D. 118) (the Applicants referring to "the sole account remaining at issue"); (D. 66-1, ¶ 2(g)) (listing the seven accounts with one being the "Personal Investment account in the name of Terrence J. Culver"). For the reasons that follow, the court will allow the motion to intervene as to Culver but deny it as to Dineen.

---

[1] Because the Applicants no longer seek financial information in the accounts jointly registered to Dineen and Culver, the Applicants correctly maintain that there is no information related to her that is at risk of disclosure via the subpoenas. *See* (D. 66-1) (listing the seven accounts and, as to Dineen, identifying only accounts jointly registered to Dineen and Culver). Accordingly, the discussion primarily addresses Culver as opposed to Dineen.

## II. <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 24 contemplates two types of intervention: intervention as of right under Rule 24(a) and permissive intervention under Rule 24(b).

Intervention as of right requires the following:

> (i) the timeliness of [the] motion to intervene; (ii) the existence of an interest relating to the property or transaction that forms the basis of the pending action; (iii) a realistic threat that the disposition of the action will impede [the intervenor's] ability to protect that interest; and (iv) the lack of adequate representation of its position by any existing party.

*R & G Mortg. Corp. v. Fed. Home Loan Mortg. Corp.*, 584 F.3d 1, 7 (1st Cir. 2009) (internal citations omitted). The failure of the prospective intervenor to fulfill any one of these prerequisites forecloses [the putative intervenors'] ability to intervene as of right under Rule 24(a). *Id.* (citations omitted).

Permissive intervention provides that: "On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). Apart from these considerations, district courts may "consider 'almost any factor rationally relevant'" to a motion to intervene. *Commonwealth of Mass. v. United States Dep't of Health and Human Servs.*, 289 F. Supp. 3d 259, 265 (D. Mass. 2018) (quoting *Daggett v. Comm'n on Governmental Ethics and Election Practices*, 172 F.3d 104, 113 (1st Cir. 1999)).

For instance, a court "is free to consider whether the applicants may be helpful in fully developing the case, and whether more parties would complicate matters unnecessarily." (D. 72) (quoting *T-Mobile Ne. LLC v. Town of Barnstable*, 969 F.3d 33, 41-42 (1st Cir. 2020)) (internal quotation marks omitted). The "court's discretion to grant or deny motions for permissive intervention is very broad." *T-Mobile,* 969 F.3d at 42 (1st Cir. 2020); *accord* (D. 72).

With respect to both types of intervention, the court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3); *accord* (D. 72). Intervention as of right and permissive intervention also require a "timely motion" to intervene. Fed. R. Civ. P. 24(a), 24(b).

As to the requirement of a timely motion, "case law reflects four factors that inform the timeliness inquiry: (i) the length of time that the putative intervenor knew or reasonably should have known that his interests were at risk before he moved to intervene; (ii) the prejudice to existing parties should intervention be allowed; (iii) the prejudice to the putative intervenor should intervention be denied; and (iv) any special circumstances militating for or against intervention." *Id.* at 7 (citation omitted). These timeliness factors are "appraised in

4

light of the posture of the case at the time the motion is made." *Id*. In general, "A motion to intervene is timely if it is filed promptly after a person obtains actual or constructive notice that a pending case threatens to jeopardize his rights." *Id*. at 8 (citations omitted).

As discussed below, permissive intervention is warranted. The facts are therefore culled to address the requirements of permissive intervention.

### III. FACTUAL BACKGROUND

On May 14, 2025, the presiding judge allowed a request by Doe I and Doe II (Doe Intervenors) for permissive intervention. (D. 72). In so doing, she determined that their motion to quash the "subpoena and accompanying arguments will certainly share common questions of law or fact with the other motions to quash that are forthcoming in this action . . . ." (D. 72). Simultaneously, the presiding judge denied the Movants' March 5 and March 26, 2025 motions to intervene. (D. 66, 73, 102). She did so because the Movants "seemingly" filed the motions in "flagrant disregard for the Federal Rules of Civil Procedure and this district's local rules." (D. 102). The nature of the violations consisted of not filing a supporting memorandum, citing non-existent rules of civil procedure, and misrepresenting the meet and confer process by attaching an unsent email. (D. 102). In the same ruling, the

5

court stated that that despite the Movants' failure to properly move to intervene, the "Movants could have a colorable claim for intervention, whether permissive or as a matter of right." (D. 102).

Stepping back, on January 17, 2025, Fidelity notified Culver that it had received subpoenas in connection with the section 1782 action. (D. 84-5). In that vein, all four subpoenas request "All Documents and Communications related to any other account or assets owned, in the name of, or otherwise associated with . . . Terence John Culver . . . ."). (D. 3-3 to 3-6). Culver did not file the motion to intervene until five and-a-half months after the notification, i.e., on June 19. The subpoenas also request documents maintained in any account in the name of Smart River Investment Limited ("SRIL").[2]

## IV. DISCUSSION

The Applicants argue that the Movants' history of filing improper motions to intervene militates against allowing permissive intervention. Relatedly, they contend that allowing permissive intervention will lead the Movants to file a motion to quash the subpoenas, a motion for a protective order, and a motion

---

[2] SRIL as well as the Doe Intervenors move to quash the subpoenas. (D. 76, 77). To date, there is no ruling on these motions, a fact that is germane to timeliness.

6

for in camera review.  This, in turn, along with the addition of the Movants as parties, will delay the section 1782 proceeding and waste judicial resources, according to the Applicants.  The Applicants argue further that because parties lack standing to object to subpoenas directed to other parties, the Movants lack standing.  Lastly, having limited the disclosure of documents to a single Fidelity account held by Culver, the Applicants assert that Dineen fails to explain why her intervention is necessary.  (D. 118, pp. 9-10).  To state the obvious, the Applicants maintain they need the information in Culver's account to ascertain if the account contains assets related to the claims in the section 1782 proceeding.  (D. 118, p. 6).

The Movants submit that the subpoenas seek disclosure of their personal financial information, including banking and transactional records.  Such information, so they contend, implicates their privacy and confidentiality interests.

They also assert that their motion is timely.  In that regard, they were unaware of the subpoenas targeting their financial information until Fidelity notified them on January 17.  (D. 116).  Acting diligently thereafter, the Movants contend they retained new counsel and filed the prior motions to intervene.  They also point out that the motions to quash filed by SRIL and the Doe Intervenors (D. 76, 77) remain outstanding.  Hence, they reason

7

that allowing intervention at this juncture will not delay a resolution of the motions to quash. In addition, they maintain that for the same reasons the presiding judge allowed the Doe Intervenors' motion to intervene under Rule 24(b), the Applicants will not be prejudiced or unduly delayed by the need to respond to an additional motion to quash. (D. 116). As to this last point, the Applicants disagree that the Movants are similarly situated to the Doe Intervenors. (D. 118) ("Culver and Dineen are not similarly situated to the Doe Intervenors as to permissive intervention.").

### A. **TIMELINESS**

Permissive intervention requires a timely motion to intervene. On January 17, Fidelity notified Culver that it had received subpoenas in connection with the section 1782 action. The Movants concede that they were aware that their personal financial information was subject to the subpoenas as of January 17. (D. 116) (supporting memorandum stating "[T]he Putative Intervenors were unaware that their personal financial information was subject to the subpoenas until Fidelity notified them on January 17, 2025"). The length of time that the Movants knew that their interests were at risk (January 17) and the time they filed the motion to intervene (June 19) spans a period of five-and-a-half months. *See R&G Mortg. Corp.*, 584 F.3d at 7) (stating first

8

timeliness factor is "the length of time that the putative intervenor knew or reasonably should have known that his interests were at risk before he moved to intervene"). This time-period is somewhat substantial and therefore favors rendering the motion to intervene untimely.

None of the remaining factors, however, favor untimeliness. The existing parties, namely the Applicants, the Doe Intervenors, and SRIL, would not be prejudiced by allowing intervention. This is because there has as yet been no ruling on SRIL's and the Doe Intervenors' motions to vacate the December 2024 Order and to quash the subpoenas. What is more, the five-and-a-half month delay between January 17 and June 19 did not prevent SRIL and the Doe Intervenors from filing these motions, which they did on April 7. Thus, the delay in filing a procedurally proper motion to intervene in a more-timely manner did not prevent these parties from protecting their interests. After all, "The timeliness requirement was not designed to penalize prospective intervenors for failing to act promptly, but rather to insure that the existing parties to the litigation are not prejudiced by the failure of would-be intervenors to act in a timely fashion." *P.R. Tel. Co., Inc. v. Sistema De Retiro,* 637 F.3d 10, 15 (1st Cir. 2011) (quoting *Fiandaca v. Cunningham*, 827 F.2d 825, 834 (1st Cir. 1987)) (internal brackets omitted). Further, the Applicants do not

9

sufficiently explain how they would be prejudiced by allowing the Movants to intervene. *See id*. at 16 ("[M]otion to intervene filed over two years after putative intervenor was on notice that its interests might be impaired by suit found timely where plaintiff could point to no prejudice from the delay." (quoting *Zurich Cap. Markets, Inc. v. Coglianese*, 236 F.R.D. 379, 384-85 (N.D. Ill. 2006))).

Lastly, "One of the core purposes of the timeliness requirement is to prevent disruptive, late-stage intervention that could have been avoided by the exercise of reasonable diligence." *R&G Mort.*, 584 F.3d at 9 (citations omitted). Here, the efforts the Movants made in filing repeated motions to intervene on March 5 and 26 evidence reasonable diligence. Moreover, allowing Culver to intervene at this juncture is not a late-stage intervention. Given the single account at issue, Culver's intervention will hardly, if at all, disrupt the Singapore proceeding.

To be sure, the Applicants point to the delay associated with the Movants' anticipated motion to quash, motion for a protective order, and motion for in camera review as well as the addition of

10

the Movants as parties. The delay, however, is likely minimal because there is only one account under Culver's name at issue.[3]

Per the foregoing, the motion to intervene is timely.

### B. COMMON QUESTION OF LAW OR FACT

To continue, permissive intervention requires a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Here, Culver's anticipated motion to quash will likely share a common question of law or fact to SRIL's and the Doe Intervenors' motions to quash. *See* (D. 80) (SRIL arguing that the discovery is not for use in the Singapore proceeding and *Intel* factors[4] favor quashing subpoenas); (D. 77-1) (Doe Intervenors arguing subpoenas are not for use in Singapore proceeding and *Intel* factors favor quashing subpoenas). Specifically, Culver's anticipated motion to quash will likely share the common question of law or fact that the subpoena[s] is not for use in the Singapore proceeding and the *Intel* factors favor quashing the subpoena. Hence, the Movants satisfy the requirement for permissive intervention in Rule 24(b)(1)(B). Indeed, the presiding judge determined that the Doe Intervenors' motion to

---

[3] The above reasoning applies equally to the Rule 26(b)(3) calculus that "the court must consider whether intervention will unduly delay or prejudice the adjudication of the original parties' rights." It will not.

[4] *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-265 (2004).

quash the "subpoena and accompanying arguments will certainly share common questions of law or fact with the other motions to quash that are forthcoming in this action." (D. 72).

### C. STANDING

Next, the Applicants assert that parties do not have standing to object to subpoenas directed to other parties. The assertion does not resonate, for three reasons. First, the Movants are not parties at this juncture. Second, the Applicants overlook that "[a] party has standing to quash a subpoena served on a nonparty if he or she has a personal right or privilege with respect to the requested information." *Enargy Power (Shenzhen) Co. Ltd. v. Xiaolong Wang*, Civil Action No. 13-11348-DJC, 2014 WL 2048416, at *2 n.4 (D. Mass. May 16, 2014) (citations omitted). And "[b]ank customers have a personal right with respect to their bank account records." *Id*. In that regard, the Movants aptly point out that Culver has an interest in protecting the confidentiality of the financial information in the targeted bank account. (D. 116) (Movants arguing they "are accountholders at Fidelity and have a direct and substantial interest in protecting the confidentiality of their financial and proprietary information, which is now at risk of disclosure due to the subpoenas issued in this action). Likewise, as stated by the presiding judge, "the Doe Intervenors certainly have some confidentiality and/or privacy interest in

their own financial records, which warrants an opportunity to permissively intervene to protect that interest." (D. 72) (citing *In re Hornbeam Corp.*, No. 14-mc-00424, 2015 WL 13647606, at *3 (S.D.N.Y. Sept. 17, 2015)).

Third, the Second Circuit has held in the context of a section 1782 application that "'parties against whom the requested information will be used may have standing to challenge the lawfulness' of the request." *In re JSC BTA Bank*, 577 F. Supp. 3d 262, 265 (S.D.N.Y. 2021) (granting non-party's motion to intervene); (D. 72) (citing *JSC BTA Bank*, 577 F. Supp. 3d at 265, as "granting motion to intervene on non-party subpoena 'in light of [applicant's] stated intention to use the records against' movant)." Culver falls into this category.

### D. DINEEN'S INTERVENTION

As for Dineen, she is not entitled to intervene as a matter of right. She lacks "'a significantly protectible interest'" in the targeted account because it is registered to Culver. (D. 72) (quoting *Pub. Serv. Co. of N.H. v. Patch*, 136 F.3d 197, 205 (1st Cir. 1998), and explaining intervention as of right requires protectible interest to satisfy Rule 24(a)(2)). Permissive intervention is also inappropriate. Again, this is because there is only one financial account at issue, and it is registered to Culver. Lastly, as earlier noted, the Applicants correctly

maintain that there is no information related to Dineen that is at risk of disclosure.

In sum, the motion is timely, there are common questions of law or fact, Culver's intervention will not unduly delay or prejudice the existing parties' rights, and the Applicants' standing argument as to Culver lacks merit. Accordingly, permissive intervention is appropriate as to Culver. Any motion to quash filed by Culver as well as any opposition to the motion are limited to five pages. Both the motion and any opposition shall be filed no later than December 18. Counsel should not expect a continuance of this deadline.

## V. **CONCLUSION**

In accordance with the foregoing discussion, the motion to intervene (D. 15) is **ALLOWED** as to Culver and **DENIED** as to Dineen. Any motion to quash filed by Culver as well as any opposition to the motion are limited to five pages. Both the motion and any opposition shall be filed no later than December 18. Counsel should not expect a continuance of this deadline.

/s/ Donald L. Cabell
DONALD L. CABELL, U.S.M.J.

DATED: December 12, 2025